# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 03-298-MLCF-SS** |
| **GANNON V. JOHNSON** | |

## REPORT AND RECOMMENDATION

Before the undersigned is the motion of the defendant, Gannon Johnson ("Johnson"), for leave to file an out-of-time appeal. Rec. doc. 53. For the reasons described below, it is recommended that Johnson's motion be denied.

## BACKGROUND

On April 14, 2005, a superseding bill of information for violation of controlled substances act was filed. Johnson was charged with: (1) possessing with intent to distribute quantities of cocaine hydrochloride, 5 grams or more of cocaine base, and quantities of heroin all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); (2) possessing firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (3) distributing quantities of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (4) distributing 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Rec. doc. 33. On that same day and in open court, Johnson waived prosecution by indictment and consented to proceed by bill of information. Rec. doc. 34.

On April 14, 2003, a plea agreement was filed in the record which was signed by Johnson and his attorney, Gary Wainwright. The agreement provided that:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by 18 U.S.C. §3742 on the defendant, and the

> defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.

Rec. doc. 35 at 2. A statement of the factual basis was filed into the record and it too was signed by Johnson and his attorney. Rec. doc. 36. On April 14, 2003, Johnson pled guilty to counts I through IV of the superseding bill of information. Rec. doc. 37. On August 3, 2005, he was sentenced. Rec. docs. 41 and 42. On August 9, 2005, he filed a notice of intent to take an appeal. Rec. doc. 43.

On August 29, 2005, Hurricane Katrina struck New Orleans.

On January 23, 2006, the Fifth Circuit dismissed Johnson's appeal for want of prosecution. He failed to timely order a transcript, make financial arrangements with the court reporter and pay the docketing fee. Rec. doc. 48.

On August 22, 2008, Johnson submitted a *pro se* motion for reduction of his sentence under the Amended Federal Sentencing Guidelines for cocaine base offenses. Rec. doc. 49. A public defender was appointed to represent Johnson. Rec. doc. 49. On November 24, 2008, his motion for reduction of his sentence was granted. Rec. doc. 52.

On July 28, 2009, Johnson filed a motion for leave to file out-of-time appeal, rec. doc. 54, which was referred to the undersigned. Rec. doc. 54. The United States filed an opposition. Rec. doc. 56.

## ARGUMENTS OF THE PARTIES

Johnson reports that: (1) after Hurricane Katrina he lost contact with his counsel, Mr. Wainwright, (2) unbeknownst to him the Fifth Circuit dismissed his appeal; (3) Mr. Wainwright's office was destroyed in the hurricane; (4) he has material issues that can be raised on direct appeal

that would significantly reduce his prison sentence; and (5) he should not be deprived of his right to a direct appeal because Hurricane Katrina disrupted his lawyer's practice. The United States responds that Johnson waived his right to a direct appeal, so his motion for an out-of-time appeal must be denied.

## ANALYSIS

In Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621 (1977), the Supreme Court stated that:

> [T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned. . . . These advantages can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality.

Id. at 1627-28. In United States v. Guerrero, 546 F.3d 328 (5th Cir. 2008), the Fifth Circuit stated that:

> A defendant may waive his appellate rights in a plea agreement if (1) the waiver was knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement.

Id. at 335. See also U.S. v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("[w]e have long enforced knowing and voluntary waivers of appellate rights . . ., such as the right to appeal their conviction and sentence"). In Guerrero, the appellant did "not even mention his plea agreement, let alone contend that it was involuntary." 546 F.3d at 335. The Fifth Circuit held that he waived his right to appeal his sentence. Id.

Like the appellant in Guerrero, Johnson does not mention his plea agreement or his waiver of his right to appeal his sentence on any ground except a sentence in excess of the statutory maximum. He does not contend that the waiver was involuntary or that it did not apply to the circumstances at hand. Johnson's argument that Hurricane Katrina deprived him of his right of direct appeal is without merit. Because Johnson waived his right of direct of appeal, his motion for

leave to file an out-of-time appeal must be denied.

## RECOMMENDATION

IT IS RECOMMENDED that Johnson's motion for leave to file out-of-time appeal (Rec. doc. 53) be DENIED.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 13th day of October, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**